*In re* L. N., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* L. N., a Minor, Respondent-Appellant.)

Second District   No. 78-110

Opinion filed December 4, 1978.

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.

John W. Cox, State's Attorney, of Galena (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

On March 22, 1977, a petition for adjudication of wardship charging the minor respondent-appellant herein (hereafter "respondent") with the offense of burglary in violation of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)). The respondent was adjudicated a delinquent under section 2—2 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—2) on May 24, 1977. The respondent appeals contending that (1) he was denied due process of law because of the failure to hold a separate hearing to determine if a statement which he gave a juvenile officer was voluntary and (2) he was not proven guilty beyond a reasonable doubt.

The evidence taken at the adjudicatory hearing may be summarized as follows: Eli McNett was an "owner in partnership" of the Apple River Feed and Seed Store and Mill. On Sunday, March 20, 1977, at approximately 4:45 p.m., McNett went to the store after receiving a phone call from the police. There he observed that the doors in the mill had been pried open, that there were foot-prints in the feed which was on the floor, and that the door into the business office had been jarred. Upon entering the office, he discovered that the cash box had been opened and that money, some flashlights and batteries had been taken. The premises had been closed since noon on Saturday and neither McNett, nor anyone else, to his knowledge, had given anyone permission to be in the building. Officer Trost, a patrolman and juvenile officer in the Jo Daviess sheriff's department, went to the home of respondent and his family on March 21, 1977. Trost asked respondent's parents if he could "talk to the boy," and

read them a "parental consent form," which both parents signed. Trost then read the respondent his rights. The respondent signed a waiver of rights form and Trost asked him if he had been involved in the burglary of the Apple River Feed and Seed. The respondent indicated that he had been involved. The officer obtained a written statement from the respondent. In that statement, which was admitted into evidence over defense objection, the respondent wrote that he and two other youths entered the Apple River Feed and Seed on two occasions on the same day, taking money, gloves and bottles of pop. However, no specific date was mentioned in the respondent's oral and written statement.

■■ Of the two contentions which the respondent has made on appeal, his assertion that he was denied due process of law when the trial court failed to hold a separate hearing to determine the voluntariness of the oral and written confession which he gave Officer Trost, presents the least difficulty. The respondent never made any motion to suppress the statement, nor did his counsel ever request a separate hearing on the voluntariness of the statement. When the State moved for the admission of the statement at the adjudicatory hearing respondent objected, asserting that it was not a "knowing and voluntary statement given subsequent to a proper waiver" of respondent's constitutional rights. The trial court admitted the statement "subject to" respondent's right to cross-examine, or introduce evidence, on the voluntariness of the confession. Although respondent's counsel cross-examined Officer Trost about the defendant's statements, defense counsel did not introduce any evidence pertaining to the voluntariness of the confession, nor did he renew his objection after he concluded his cross-examination. The respondent has cited *Jackson v. Denno* (1964), 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, wherein the court held that the issue of the voluntariness of a confession must be determined outside the presence of the jury. However, different considerations clearly apply to a bench trial, and in a number of cases, involving trials by the court, it has been held that the court's failure to hold a separate hearing on the admissibility of a statement made by the defendant, did not work a denial of the defendant's due process rights, even though the defendant made a motion to suppress the statement. (*People v. Webb* (1976), 38 Ill. App. 3d 629; *People v. Fultz* (1975), 32 Ill. App. 3d 317.) Under the circumstances of this case, in the absence of any suppression motion or request by the respondent for a separate hearing, and in view of the respondent's failure to renew his objection after concluding his cross-examination of Officer Trost, we hold that there was no error in the trial court's failure to grant, on its own motion, a separate hearing to determine the voluntariness of respondent's confession. See, *United States ex rel. Placek v. Illinois* (7th Cir. 1976), 546 F.2d 1298.

Respondent's other contention presents a somewhat closer question.

Although it was uncontroverted that the Apple River Feed and Seed was broken into during the weekend of March 19-20, 1977, the only evidence indicating that the respondent burglarized the store was the statement which respondent gave to Officer Trost. The respondent points out that nowhere in his statement to the officer is any date mentioned. He cites *People v. Townsend* (1975), 27 Ill. App. 3d 101 (abstract), in support of his argument that this omission compels a holding that he was not proven guilty beyond a reasonable doubt. In *Townsend*, the defendant was prosecuted in three complaints, for criminal damage to property. The evidence showed that on three separate dates the windows of the 34th Ward Democratic Headquarters had been broken. A witness testified that the defendant told him that he had broken the windows of the ward headquarters; under cross-examination, the witness admitted that the defendant did not mention any dates or times.

On appeal, the court held that although the State's proof indicated that on some occasion the defendant had broken windows at the ward headquarters, there was nothing in the record sufficiently linking the defendant to the specific offenses with which he had been charged.

However, there are a number of important differences between this case and *Townsend*. In the latter case, there was evidence that criminal damage to property had occurred on three separate days. In the instant case, although respondent admitted that he had entered the feed and seed store twice on the same day, the only other evidence that the store had been burglarized was McNett's testimony regarding a break-in over the weekend of March 19-20, 1977. Further, in *Townsend*, the defendant made the admission about breaking the windows, in an apparently casual conversation with a court bailiff. In the instant case, the defendant signed a written confession on the day after the offense, at the request of a police officer who asked him if he had any involvement in "the burglary" of the store. Finally, in *Townsend*, the defendant took the stand and denied the commission of the offense. The *Townsend* court, therefore, had to weigh the State's proof against not only the presumption of innocence, but also against the testimony of the defendant. By contrast, in the present case the respondent presented no evidence whatsoever.

■■ After a review of the record we are convinced that the evidence presented by the State was sufficient to prove the defendant guilty beyond a reasonable doubt of the offense with which he had been charged in the petition.

Therefore, the judgment of the circuit court of Jo Daviess County is affirmed.

Judgment affirmed.

NASH and WOODWARD, JJ., concur.